In the matter of proceedings under the Mortgage Guaranty Corporations' Rehabilitation Act affecting the FIDELITY UNION TITLE AND MORTGAGE GUARANTY COMPANY.

[Argued October term, 1947.   Decided January 29th, 1948.]

*Messrs. Harrison & Roche & Darby* and *Messrs. Farkas & Samuels* (*Mr. Robert T. Darby* and *Mr. Harold Farkas*), for bondholders of New Jersey Realty Company.

*Mr. Harry Chashin,* for Pascal & Beckelman, Inc.

*Mr. Charles B. Niebling,* for New Jersey Realty Company.

The opinion of the court was delivered by

BODINE, J.

This is an appeal from a decree of the Court of Chancery approving a plan for the extension and payment of Class A bonds and the extension of Class B bonds of New Jersey Realty Company.

The New Jersey Realty Company (hereafter called Realty Co.) is a corporation organized in connection with the rehabilitation of the Fidelity Union Title and Mortgage Guaranty Company (hereafter called Fidelity).

The early proceedings, under which the Commissioner of Banking and Insurance took over the Fidelity, and in which the Court of Chancery appointed a co-trustee to administer the assets of that company, resulted in a plan for the reorganization of the business, assets and liabilities of the Fidelity

and its subsidiaries. It was approved by a decree of June 22d, 1937. The principal features of that proceeding, as far as this cause is concerned, were the approval of an indenture and trust mortgage between the Realty Company and J. Ashley. Brown, trustee, and the retention of jurisdiction by the court for all purposes with respect to the operation of that decree.

The trust indenture provides for the issuance of Class A bonds of the company to mature June 1st, 1947, and Class B bonds to mature June 1st, 1952. The A bonds were to bear interest at the rate of $2\frac{1}{2}\%$ per annum, plus an additional amount up to $1\frac{1}{2}\%$ per annum, payable out of earnings, and Class B bonds to bear interest at the rate of $4\%$ per annum, also payable out of earnings. The provision for the payment of interest out of earnings is a complicated formular which, in general, provides for the restriction of earnings available for payment of interest to that amount of earnings actually reduced to cash, so that book profits represented in mortgages or real estate are not available for interest payment. It is not necessary to further deal with this matter. No additional earnings have ever been paid on Class A bonds, and no interest has ever been paid on Class B bonds.

After approximately ten years of management, the Realty Company began proceedings for exchange of Class A bonds for like bonds bearing later maturity, and for the extension of the maturity of the B bonds. Many bondholders agreed.

The proposal of the extension plan provides for the purchase by the company of Class A bonds not to be retired; the voting on the entire extension plan by all bondholders regardless of class; the compulsory extension of Class B bonds from June 1st, 1952, to April 1st, 1960; and the relief from the formula regarding additional interest so that $4\%$ interest shall be paid on the A bonds, notwithstanding the restriction in the original indenture.

After the approval of the extension plan by a majority at a meeting of both classes of bondholders and stockholders, it was approved by the court. A number of B bondholders were dissatisfied. Hence, this appeal. They contend that they are postponed in the interest of the stockholders.

The question posed is: did the court have jurisdiction to approve the plan for the extension and payment of Class A bonds and the extension of Class B bonds, binding upon and effective against dissenting Class B bondholders?

The court based its decision partly on the assumption that the Mortgage Guaranty Corporations' Rehabilitation Act is applicable to the proceeding. *R. S. 17:46-27* was emergency legislation. It became inoperative May 24th, 1945.

It is untenable to contemplate the relief granted as action within the reservation at the foot of the decree because the court in effect wrote a new contract.

The appellants are the holders of in excess of $37,000 of the face value of Class B bonds of the Realty Company. When these bonds were issued, pursuant to the trust indenture of June 1st, 1937, there came into being a definite and binding contract between the bondholders and the company. Under this contract they had a right to expect that the A bonds, which are prior to and have preference over the B bonds, would be paid on June 1st, 1947, and that the B bonds would be paid on June 1st, 1952, and that after the payment of A bonds the B bonds would advance in priority and preference. The trust indenture expressly declares that the obligation of the company is unconditional and absolute to pay the principal of the bonds to the respective holders when such bonds become due and payable.

The court cannot compel dissenting bondholders to accept a new contract, if the assets of the company will permit of redemption without an extension of the maturity dates. Such extension could inure only to the advantage of the stockholders.

There should be a remand to determine whether the company is and will be financially able to redeem the bonds without the extension of the maturity dates. If such be the case there can be no revision of the bondholders' contract in order to use the assets for earnings that will inure to the benefit of the stockholders alone. There should be a modification to effect only the right of dissenting bondholders. Necessary parties should be admitted before any further proceedings are

had. Proofs should be taken to determine the financial position of the company.

The case is, therefore, remanded to the Court of Chancery to the end that action be taken not inconsistent with this opinion.

*To remand* — THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, EASTWOOD, BURLING, WELLS, DILL, FREUND, MC-LEAN, SCHETTINO, JJ. 11.